IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41082
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARTIN ELIZONDO-DE SANTIAGO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-482-1
--------------------
October 10, 2001

Before JOLLY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Martin Elizondo-De Santiago appeals the 80-month sentence imposed following his plea of guilty to the charge of illegal reentry following deportation, a violation of 8 U.S.C. § 1326.  Elizondo, who is represented by the Federal Public Defender's Office, contends that the conviction that resulted in his increased sentence under 8 U.S.C. § 1326 was an element of the offense that should have been charged in the indictment.  Elizondo also contends, for the first time in his reply brief on appeal, that felony driving while intoxicated (DWI), the offense

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that resulted in his increased sentence, is not an aggravated felony for purposes of § 1326(b) or U.S.S.G. § 2L1.2.

We held after Elizondo filed his initial appellate brief that felony DWI in Texas is not an aggravated felony. *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001). Because the Government mentioned the *Chapa-Garza* issue in its appellate brief, we consider the argument Elizondo raised in his reply brief. *See Stevens v. C.I.T. Group/Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992)(reply brief may only respond to issues raised in appellee's brief).

Elizondo did not contend in the district court that felony DWI is not an aggravated felony. We recognize that prior to *Chapa-Garza*, it was not clear that a Texas felony DWI was not an aggravated felony. Because we made clear in *Chapa-Garza* that a Texas felony DWI is not an aggravated felony, the district court's determination otherwise was plainly erroneous. *See Johnson v. United States*, 520 U.S. 461, 468 (1997)(using law at the time of appellate determination to determine whether an error is plain). Because calculation of Elizondo's guideline sentencing range is dramatically affected by *Chapa-Garza*, the *Chapa-Garza* error in his case affected his substantial rights. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). We therefore vacate Elizondo's sentence and remand his case for resentencing.

Elizondo concedes that his argument regarding his previous conviction as an element of the offense is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Because we held in *Chapa-Garza* that felony DWI is not an aggravated felony for purposes of illegal reentry, we need not address Elizondo's *Apprendi* argument.

VACATED AND REMANDED.